| | |
|---|---|
| 1 | Michael L. Meeks, Esq. (State Bar No. 172000) |
| 2 | Michael A. Rule, Esq. (State Bar No. 152452) |
| | Becky Hsiao, Esq. (State Bar. No. 232361) |
| 3 | **PEPPER HAMILTON LLP** |
| 4 | 5 Park Plaza, Suite 1700 |
| | Irvine, California 92614 |
| 5 | Telephone: 949.567.3500 |
| 6 | Fax: 866.777.8799 |
| | E-Mail: Meeksm@pepperlaw.com |
| 7 | |
| 8 | M. Kelly Tillery, Esq. (PA Bar No. 30380) |
| | Elizabeth Campbell, Esq. (PA Bar No. 83729) |
| 9 | **PEPPER HAMILTON LLP** |
| 10 | 3000 Two Logan Square |
| | Eighteenth and Arch Streets |
| 11 | Philadelphia, PA 19103-2799 |
| 12 | Telephone 215.981.4000 |
| | Facsimile 215.981.4750 |
| 13 | E-Mail tilleryk@pepperlaw.com |
| 14 | |
| 15 | Attorneys for IN-N-OUT BURGERS, a California Corp. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| IN-N-OUT BURGERS, a California Corporation, | Case No. C07 05453 JL |
| Plaintiff, | **COMPLAINT FOR TRADEMARK INFRINGEMENT** |
| v. | **JURY TRIAL DEMANDED** |
| SAI M. ONG, an individual d/b/a "IN N OUT SMOG CHECK," BO TRAN, an individual d/b/a "IN & OUT SMOG CHECK," PHI L. LE, an individual d/b/a "IN-N-OUT | |

1

Complaint

SMOG CHECK," MAN Q. DINH, an individual d/b/a "IN N OUT SMOG CHECK,"

Defendants.

Plaintiff IN-N-OUT BURGERS, a California Corporation, (herein after "IN-N-OUT BURGERS"), by and through its undersigned counsel, hereby files its Complaint against Defendants SAI M. ONG, an individual d/b/a "IN N OUT SMOG CHECK", located at 226 Phelan Avenue #F, San Jose, California 95112; BO TRAN, an individual d/b/a "IN & OUT SMOG CHECK", located at 1295 West San Carlos Street, San Jose, California 95126; PHI L. LE, an individual d/b/a "IN-N-OUT SMOG CHECK", located at 490 Keyes Street, San Jose, California 95112; and MAN Q. DINH, an individual d/b/a "IN N OUT SMOG CHECK", located at 735 South 1st Street, Unit A, San Jose, California 95113 (collectively "Defendants"). In support of its Complaint, Plaintiff IN-N-OUT BURGERS alleges as follows:

1. This action concerns Defendants' Trademark Infringement and Unfair Competition under The Lanham Act, Trademark Infringement and Unfair Competition under California Statutory and Common Law, and Trademark Dilution under California Law.

## PARTIES

2. Plaintiff IN-N-OUT BURGERS is a California corporation with its principal place of business in Irvine, California.

3. Defendants SAI M. ONG, BO TRAN, PHI L. LE, and MAN Q. DINH, individuals, are California residents who, in concert or alone, own and operate emissions control and smog checking service centers in California doing business under the trade names "IN-N-OUT SMOG CHECK", "IN N OUT SMOG

CHECK", "IN AND OUT SMOG CHECK" and/or "IN & OUT SMOG CHECK." Defendants reside and/or have business addresses at the following locations:

    a. Upon information and belief, Defendant SAI M. ONG is an individual residing at 2555 Glen Anna Way, San Jose, California 95148 and doing business as "IN N OUT SMOG CHECK" located at 226 Phelan Avenue #F, San Jose, California 95112.

    b. Upon information and belief, Defendant BO TRAN is an individual residing at 2555 Glen Anna Way, San Jose, California 95148 and doing business as "IN & OUT SMOG CHECK" located at 1295 West San Carlos Street, San Jose, California 95126.

    c. Upon information and belief, Defendant PHI L. LE is an individual residing at 3114 Dakan Court, Unit #3, San Jose, California 95136 and doing business as "IN-N-OUT SMOG CHECK" located at 490 Keyes Street, San Jose, California 95112.

    d. Upon information and belief, Defendant MAN Q. DINH is an individual residing at 3114 Dakan Court, Unit #3, San Jose, California 95136 and doing business as "IN N OUT SMOG CHECK" located at 735 South 1st Street, Unit A, San Jose, California 95113.

4. Upon information and belief, the individual defendants work together and operate their businesses as a group. Accordingly, the individual defendants and their businesses are referred to collectively herein as "IN-N-OUT SMOG CHECK" or "Defendants."

## JURISDICTION AND VENUE

5. This Court may exercise jurisdiction over each of the Defendants because each Defendant regularly transacts business in California, and the causes of action alleged herein arose in whole or in part in California.

6. This Complaint alleges claims under the Lanham Act, making jurisdiction proper in this Court pursuant to Title 28 U.S.C. §§ 1331, 1338, and 1367. This Complaint alleges claims under §§32 and 43 of the Lanham Act. The Complaint also alleges State Law claims under California Law that are so related to the Federal Question Claim under The Lanham Act that they form part of the same case and controversy, thereby making the exercise of Supplemental Jurisdiction under Title 28 U.S.C. § 1367 appropriate.

7. Venue is proper in this District pursuant to Title 28 U.S.C. § 1391(b) because each of Defendants resides within this Judicial District and conducts substantial business in this Judicial District.

8. Venue also is properly laid in this Judicial District pursuant to Title 28 U.S.C. § 1391(b) on the ground that the infringing acts alleged herein arose, in whole or in part, within this Judicial District. Defendants advertise goods and services bearing the infringing Trademark in this Judicial District.

## BACKGROUND – THE BUSINESS OF PLAINTIFF

9. Long prior to the acts complained of herein, IN-N-OUT BURGERS adopted and commenced use of the mark "IN-N-OUT". IN-N-OUT BURGERS has been engaged in the business of providing specially-prepared sandwiches to consumers in restaurants since at least as early as 1948.

10. IN-N-OUT BURGERS currently has over 200 locations throughout California and the southwestern United States, and plans to expand its restaurant operations to other states.

11. Since at least as early as 1960, IN-N-OUT BURGERS has used the mark "IN-N-OUT" in interstate commerce in connection with its advertising, promotion, offering to provide, and providing specially-prepared sandwiches and other goods and services to consumers both in its restaurants and through its automobile drive-through windows.

4

Complaint

12. IN-N-OUT BURGERS owns all right, title, and interest in and to the Mark "IN-N-OUT," and has obtained Federal Trademark and Service Mark Registrations for the Mark "IN-N-OUT" for a wide range of food and other products, including, inter alia, hamburger sandwiches and cheeseburger sandwiches, French fried potatoes, hot coffee, milkshakes, bumper stickers, backpacks, and coffee mugs. IN-N-OUT BURGERS' Federal Trademark and Service Mark Registrations for the mark "IN-N-OUT" include:

| MARK | U.S.P.T.O. REGISTRATION NO. | CLASS | DESCRIPTION OF SERVICES OR GOODS |
|---|---|---|---|
| IN-N-OUT | 2217307 | IC 014 | Watches |
| | | IC 016 | Decals in the nature of bumper stickers; publications in the nature of house organs; gift certificates. |
| | | IC 018 | Backpacks |
| | | IC 021 | Coffee mugs and thermal mugs |
| | | IC 025 | Shirts, baseball caps, letterman's jackets, and cooks aprons. |
| IN-N-OUT | 2285823 | IC 042 | Computer services, namely, providing data bases in the field of restaurant services and in the field of retail and mail order merchandising services. |
| IN-N-OUT | 1525982 | IC 032 | Lemonade and soft drinks for consumption on or off the premises. |
| | | IC 030 | Hamburger sandwiches and cheeseburger sandwiches, hot coffee, and milkshakes for consumption on or off the premises. |
| | | IC 029 | Milk and French fried potatoes for consumption on or off the premises. |

5

Complaint

| | | | |
|---|---|---|---|
| IN-N-OUT | 1522799 | IC 042 | Restaurant services and carry-out restaurant services. |
| | | IC 029 | Milk and French fried potatoes for consumption on or off the premises. |
| | | IC 030 | Hamburger sandwiches and cheeseburger sandwiches, hot coffee, and milkshakes for consumption on or off the premises. |
| | | IC 032 | Lemonade and soft drinks for consumption on or off the premises. |
| IN-N-OUT | 1101628 | IC 042 | Restaurant services and carry-out restaurant services. |
| | | IC 029 | Milk and French fried potatoes for consumption on or off the premises. |
| | | IC 032 | Lemonade and soft drinks for consumption on or off the premises. |
| IN-N-OUT | 1085163 | IC 042 | Restaurant services and carry-out restaurant services. |
| IN-N-OUT | 1101638 | IC 030 | Cheeseburgers, hamburgers, hot coffee and milkshakes for consumption on or off premises. |

IN-N-OUT BURGERS' seven (7) Federal Service Mark and Trademark Registrations relating to these services and products are attached hereto as Exhibits "A" through "G".

13. In addition, IN-N-OUT BURGERS has been engaged in the interstate financial sponsorship of automobiles and the automobile racing industry since at least as early as 1985. IN-N-OUT BURGERS owns all right, title, and interest in and to the mark "IN-N-OUT BURGERS" and "IN-N-OUT BURGERS FOUNDATION" to the following Federal Service Mark Registrations relating to

6

Complaint

the interstate financial sponsorship of automobiles and the automobile racing industry:

| Mark | U.S.P.T.O. Registration No. | Class | Description of Services or Goods |
|---|---|---|---|
| IN-N-OUT BURGERS | 2291183 | IC 036 | Financial Sponsorship of race cars and race car drivers |
| IN-N-OUT BURGERS FOUNDATION | 2121178 | IC 036 | Financial Sponsorship of race cars and race car drivers |
| IN-N-OUT BURGERS FOUNDATION | 2035491 | IC 036 | Financial Sponsorship of race cars and race car drivers |

14.   IN-N-OUT BURGERS' three (3) Federal Service Mark Registrations relating to the interstate financial sponsorship of automobiles and the automobile racing industry are attached hereto as Exhibits "H" through "J".

15.   IN-N-OUT BURGERS makes use of its ten (10) Registered Marks in interstate commerce by displaying its Registered Marks on product packaging, menus, signage, promotional materials, race cars, and advertising media.

16.   Since the date of First Use of the Registered Marks, IN-N-OUT BURGERS has manifested the intent to maintain exclusive ownership of the Registered Marks and to continue use of the Registered Marks in interstate commerce in connection with IN-N-OUT BURGERS' products and services offered for sale in restaurants in California and the southwestern United States.

17.   IN-N-OUT BURGERS has invested millions of dollars in advertising its Registered Marks in the United States in an effort to create a strong association between IN-N-OUT BURGERS' products and services, good will, and its Registered Marks.

18.   The Registered Marks are strong, arbitrary marks that warrant broad protection in both related and unrelated product and/or service classes.

7

Complaint

19.  As a result of the care and skill exercised by IN-N-OUT BURGERS in the conduct of its business, the high quality of IN-N-OUT BURGERS' products and services offered under its Registered Marks, and the extensive advertising, sale, and promotion of IN-N-OUT BURGERS' products bearing its Registered Marks, its Registered Marks have acquired Secondary Meaning in the United States, including in the State of California.

20.  IN-N-OUT BURGERS was the first drive-through hamburger restaurant, opened in 1948, and since then, always has operated with the drive-through business at the core of its business concepts. IN-N-OUT BURGERS does not place its restaurants in shopping centers, ball parks, or other such locations that would detract from and which would not be conducive to the drive-in culture and experience.

21.  Since its inception, IN-N-OUT BURGERS business model has focused on the car culture of California.

22.  In keeping with the car culture business model, every year IN-N-OUT BURGERS creates and sells apparel featuring a cars.

23.  By virtue of its drive-through operations and promotions, as well as it extensive sponsorship of race cars, IN-N-OUT BURGERS and its Registered Marks are closely tied to the automobile culture in California and throughout the country.

## DEFENDANTS' INFRINGING ACTIVITIES

24.  Defendants own and/or operate automobile service centers at several locations in California, including at least the following: "IN N OUT SMOG CHECK" located at 226 Phelan Avenue #F, San Jose, California 95112; "IN & OUT SMOG CHECK" located at 1295 West San Carlos Street, San Jose, California 95126; "IN-N-OUT SMOG CHECK" located at 490 Keyes Street, San Jose,

California 95112; and "IN N OUT SMOG CHECK" located at 735 South 1st Street, Unit A, San Jose, California 95113 ("Defendants' Locations").

25. Upon information and belief, each of the Defendants' Locations provides automobile services to consumers in Santa Clara County, California.

26. IN-N-OUT SMOG CHECK has used, and continues to use, the marks "IN-N-OUT," "IN N OUT," "IN AND OUT," and/or "IN & OUT" (each an "Infringing Mark") in providing automobile servicing services to consumers in Santa Clara County, California.

27. IN-N-OUT SMOG CHECK has advertised an Infringing Mark in California and this Judicial District.

28. Each Infringing Mark constitutes a colorable imitation of IN-N-OUT BURGERS' Registered Marks.

29. IN-N-OUT BURGERS did not authorize, and would never authorize, IN-N-OUT SMOG CHECK to use any of the Infringing Marks or any other colorable imitation of the Registered Marks.

30. IN-N-OUT BURGERS has asked IN-N-OUT SMOG CHECK to cease and desist from all present and future uses of any Infringing Mark or any colorable imitation of the Registered Marks. IN-N-OUT SMOG CHECK has refused.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

## TITLE 15 U.S.C. § 1114

31. Paragraphs 1 - 30 are incorporated herein by reference.

32. IN-N-OUT BURGERS exclusively owns the Registered Marks.

33. IN-N-OUT BURGERS has used the Registered Marks in interstate commerce in connection with the advertising and promotion of its restaurant goods and services and financial sponsorship of automobiles and the automobile racing industry.

34. IN-N-OUT SMOG CHECK has used a colorable imitation of the Registered Marks in interstate commerce in connection with the rendering of automobile servicing services at its locations in California.

35. Upon information and belief, IN-N-OUT SMOG CHECK's unauthorized use of a colorable imitation of the Registered Marks has caused, and will likely cause, confusion, mistake, or deception in the relevant consumer market.

36. Upon information and belief, IN-N-OUT SMOG CHECK's unauthorized use of colorable imitations of the Registered Marks constitutes Trademark Infringement in violation of Title 15 U.S.C. §§ 1114 and 1117.

37. IN-N-OUT SMOG CHECK acted in bad faith and/or willfully in adopting a colorable imitation of the Registered Mark in connection with the sale of the Infringement Product in an effort to reap the benefits of the goodwill associated with IN-N-OUT BURGERS' Registered Marks.

38. IN-N-OUT SMOG CHECK's infringing acts have caused, and will continue to cause, IN-N-OUT BURGERS to suffer irreparable injuries to its reputation and good will. IN-N-OUT BURGERS does not have an adequate remedy at law to recover for this harm, and therefore, IN-N-OUT BURGERS is entitled to injunctive relief.

WHEREFORE, IN-N-OUT BURGERS requests judgment in its favor and that is Court enter a Permanent Injunction enjoining IN-N-OUT SMOG CHECK from any further use of the Infringing Marks and any further use of a colorable imitation of the Registered Marks.

## COUNT II – FEDERAL UNFAIR COMPETITION
## TITLE 15 U.S.C. § 1125

39. Paragraphs 1 - 38 are incorporated herein by reference.

40. Upon information and belief, IN-N-OUT SMOG CHECK's unauthorized use of a colorable imitation of the Marks-at-issue constitutes a false

designation of origin, a false or misleading description of fact, and/or false or misleading representation of fact, and has caused and is likely to cause confusion, mistake, and/or deception as to the following:

    a. the affiliation, connection or association of IN-N-OUT SMOG CHECK with IN-N-OUT BURGERS;

    b. the origin, sponsorship, or approval of IN-N-OUT BURGERS of IN-N-OUT SMOG CHECK; and

    c. the nature, characteristics, or qualities of IN-N-OUT SMOG CHECK's goods and services.

41. The aforesaid acts constitute Federal Unfair Competition in violation of 15 U.S.C. § 125(a).

WHEREFORE, IN-N-OUT BURGERS requests judgment in its favor and that is Court enter a Permanent Injunction enjoining IN-N-OUT SMOG CHECK from any further use of the Infringing Marks and any further use of a colorable imitation of the Registered Marks.

## COUNT III– TRADEMARK INFRINGEMENT (CALIFORNIA LAW) (CAL. BUS. & PROF. CODE § 14335)

42. Paragraphs 1 - 41 are incorporated herein by reference.

43. Section 14335 of the California Business & Professions Code authorizes this Court to enjoin any infringing use of a mark registered under Title 15 of the U.S. Code.

44. The Registered Marks are registered under Title 15 of the U.S. Code.

45. IN-N-OUT BURGERS exclusively owns the Registered Marks.

46. IN-N-OUT BURGERS has used the Registered Marks in interstate commerce in connection with the advertising and promotion of its restaurant goods and services and financial sponsorship of automobiles and the automotive racing industry.

47. IN-N-OUT SMOG CHECK has used a colorable imitation of the Registered Marks in interstate commerce in connection with the rendering of emissions control and smog checking services at Defendants' Locations.

48. Upon information and belief, IN-N-OUT SMOG CHECK's unauthorized use of a colorable imitation of the Registered Marks has caused, and will likely cause, confusion in the relevant consumer market.

49. Upon information and belief, IN-N-OUT SMOG CHECK's unauthorized use of colorable imitations of the Registered Marks constitutes false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact, and has caused and is likely to cause confusion, mistake, and/or deception as to the following:

   a. the affiliation, connection or association of IN-N-OUT SMOG CHECK with IN-N-OUT BURGERS;

   b. the origin, sponsorship, or approval of IN-N-OUT BURGERS of IN-N-OUT SMOG CHECK; and

   c. the nature, characteristics, or qualities of IN-N-OUT SMOG CHECK's goods and services.

50. IN-N-OUT SMOG CHECK's false designations, descriptions, and representations were made deliberately and with knowledge of their falsity.

51. IN-N-OUT SMOG CHECK acted in bad faith and/or willfully in adopting a colorable imitation of the Registered Marks in an effort to reap the benefits of the goodwill associated with IN-N-OUT BURGERS' Registered Marks.

52. IN-N-OUT SMOG CHECK's infringing acts have caused, and will continue to cause, IN-N-OUT BURGERS to suffer irreparable injuries to its reputation and good will. IN-N-OUT BURGERS does not have an adequate remedy at law to recover for this harm, and therefore, IN-N-OUT BURGERS is entitled to injunctive relief.

WHEREFORE, IN-N-OUT BURGERS requests judgment in its favor and that is Court enter a Permanent Injunction enjoining IN-N-OUT SMOG CHECK from any further use of the Infringing Marks and any further use of a colorable imitation of the Registered Marks.

## COUNT IV – UNFAIR COMPETITION (CALIFORNIA LAW) (CAL. BUS. & PROF. CODE § 17200)

53. Paragraphs 1 – 52 are incorporated herein by reference.

54. IN-N-OUT BURGERS owns and enjoys rights in California and other jurisdictions throughout the United States in the Marks-at-issue.

55. IN-N-OUT BURGERS has used the Marks-at-issue in intra and interstate commerce in connection with the advertising and promotion of its restaurant goods and services and financial sponsorship of automobiles and the automotive racing industry.

56. IN-N-OUT SMOG CHECK has used a colorable imitation of the Registered Marks in interstate commerce in connection with the rendering of emissions control and smog checking services at Defendants' Locations.

57. Upon information and belief, IN-N-OUT SMOG CHECK's unauthorized use of a colorable imitation of the Registered Marks has caused, and will likely cause, confusion in the relevant consumer market.

58. Upon information and belief, IN-N-OUT SMOG CHECK's unauthorized use of colorable imitations of the Registered Marks constitutes false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact, and has caused and is likely to cause confusion, mistake, and/or deception as to the following:

    a. the affiliation, connection or association of IN-N-OUT SMOG CHECK with IN-N-OUT BURGERS;

    b. the origin, sponsorship, or approval of IN-N-OUT BURGERS of IN-N-OUT SMOG CHECK; and

Complaint

      c.    the nature, characteristics, or qualities of IN-N-OUT SMOG CHECK's goods and services.

59. IN-N-OUT SMOG CHECK's false designations, descriptions, and representations were made deliberately and with knowledge of their falsity.

60. IN-N-OUT SMOG CHECK acted in bad faith and/or willfully in adopting a colorable imitation of the Registered Marks in an effort to reap the benefits of the goodwill associated with IN-N-OUT BURGERS' Registered Marks.

61. IN-N-OUT SMOG CHECK's infringing acts have caused, and will continue to cause, IN-N-OUT BURGERS to suffer irreparable injuries to its reputation and good will. IN-N-OUT BURGERS does not have an adequate remedy at law to recover for this harm, and therefore, IN-N-OUT BURGERS is entitled to injunctive relief.

62. IN-N-OUT SMOG CHECK's actions constitute Unfair Competition under the Statutory Law of California, including Cal. Bus. & Prof. Code § 17200, et seq.

WHEREFORE, IN-N-OUT BURGERS requests judgment in its favor and that is Court enter a Permanent Injunction enjoining IN-N-OUT SMOG CHECK from any further use of the Infringing Marks and any further use of a colorable imitation of the Registered Marks.

## COUNT V – UNFAIR COMPETITION
## (CALIFORNIA COMMON LAW)

63. Paragraphs 1 – 62 are incorporated herein by reference.

64. IN-N-OUT BURGERS owns and enjoys rights in California and other jurisdictions throughout the United States in the Marks-at-issue.

65. IN-N-OUT BURGERS has used the Marks-at-issue in intra and interstate commerce in connection with the advertising and promotion of its restaurant goods and services and financial sponsorship of automobiles and the automotive racing industry.

66. IN-N-OUT SMOG CHECK has used a colorable imitation of the Registered Marks in interstate commerce in connection with the rendering of emissions control and smog checking services at Defendants' Locations.

67. Upon information and belief, IN-N-OUT SMOG CHECK's unauthorized use of a colorable imitation of the Registered Marks has caused, and will likely cause, confusion in the relevant consumer market.

68. Upon information and belief, IN-N-OUT SMOG CHECK's unauthorized use of colorable imitations of the Registered Marks constitutes false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact, and has caused and is likely to cause confusion, mistake, and/or deception as to the following:

   a. the affiliation, connection or association of IN-N-OUT SMOG CHECK with IN-N-OUT BURGERS;
   b. the origin, sponsorship, or approval of IN-N-OUT BURGERS of IN-N-OUT SMOG CHECK; and
   c. the nature, characteristics, or qualities of IN-N-OUT SMOG CHECK's goods and services.

69. IN-N-OUT SMOG CHECK's false designations, descriptions, and representations were made deliberately and with knowledge of their falsity.

70. IN-N-OUT SMOG CHECK acted in bad faith and/or willfully in adopting a colorable imitation of the Registered Marks in an effort to reap the benefits of the goodwill associated with IN-N-OUT BURGERS' Registered Marks.

71. IN-N-OUT SMOG CHECK's infringing acts have caused, and will continue to cause, IN-N-OUT BURGERS to suffer irreparable injuries to its reputation and good will. IN-N-OUT BURGERS does not have an adequate remedy at law to recover for this harm, and therefore, IN-N-OUT BURGERS is entitled to injunctive relief.

Complaint

.

72. IN-N-OUT SMOG CHECK's actions constitute Unfair Competition in violation of California Common Law of Unfair Competition.

WHEREFORE, IN-N-OUT BURGERS requests judgment in its favor and that is Court enter a Permanent Injunction enjoining IN-N-OUT SMOG CHECK from any further use of the Infringing Marks and any further use of a colorable imitation of the Registered Marks.

## COUNT VI – DILUTION UNDER CALIFORNIA LAW
## (CAL. BUS. & PROF. CODE § 14330)

73. Paragraphs 1 – 72 are incorporated herein by reference.

74. Upon information and belief, IN-N-OUT SMOG CHECK's use of the Marks-at-issue has harmed IN-N-OUT BURGERS and its business reputation and has caused, and continues to cause, dilution by lessening the capacity of the Marks-at-issue to identify and distinguish IN-N-OUT BURGERS' goods and services from the goods and services of others.

75. Upon information and belief, the infringing acts of IN-N-OUT SMOG CHECK has impaired, and continue to impair, the distinctive quality of the Marks-at-issue.

76. Upon information and belief, the infringing acts of IN-N-OUT SMOG CHECK have injured, and continue to injure, the business reputation of IN-N-OUT BURGERS.

77. The foregoing infringing acts of IN-N-OUT SMOG CHECK constitute actionable dilution under California Business and Professions Code §14330.

78. IN-N-OUT SMOG CHECK acted in bad faith and/or willfully in adopting a colorable imitation of the Marks-at-issue in an effort to reap the benefits of the goodwill associated with IN-N-OUT BURGERS' Marks-at-issue.

79. IN-N-OUT SMOG CHECK's infringing acts have caused, and will continue to cause, IN-N-OUT BURGERS to suffer irreparable injuries as a result of the impairment of the distinctiveness of the Marks-at-issue. IN-N-OUT BURGERS

does not have an adequate remedy at law to recover for this harm, and therefore, IN-N-OUT BURGERS is entitled to injunctive relief.

WHEREFORE, IN-N-OUT BURGERS requests judgment in its favor and that is Court enter a Permanent Injunction enjoining IN-N-OUT SMOG CHECK from any further use of the Infringing Marks and any further use of a colorable imitation of the Registered Marks.

Dated:     October 23, 2007         Respectfully submitted,

By: _____
Michael Rule, Esq.
Michael L. Meeks, Esq.
Becky Hsiao, Esq.
PEPPER HAMILTON LLP
5 Park Plaza, Suite 1700
Irvine, CA 92614-8503
Telephone: 949.567.2500
Facsimile 949. 863.0151
E-Mail: meeksm@pepperlaw.com

M. Kelly Tillery, Esq. (PA Bar No. 30386)*
Elizabeth Campbell, Esq. (PA Bar No. 83729)*
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
Telephone: 215.981.4000
Facsimile: 215.981.4750
E-mail: tilleryk@pepprelaw.com

Attorneys for IN-N-OUT BURGERS

---

* Motion to Admit Pro Hac Vice to be filed simultaneously.

17

Complaint

## JURY DEMAND

Plaintiff IN-N-OUT BURGER hereby demands a jury trial on all issues for which a jury trial is available.

Dated: October 23, 2007

Respectfully submitted,

By: _____
Michael Rule, Esq.
Michael L. Meeks, Esq.
Becky Hsiao, Esq.
PEPPER HAMILTON LLP
5 Park Plaza, Suite 1700
Irvine, CA 92614-8503
Telephone: 949.567.2500
Facsimile 949. 863.0151
E-Mail: meeksm@pepperlaw.com

M. Kelly Tillery, Esq. (PA Bar No. 30386)[*]
Elizabeth Campbell, Esq. (PA Bar No. 83729)*
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
Telephone: 215.981.4000
Facsimile: 215.981.4750
E-mail: tilleryk@pepprelaw.com

Attorneys for IN-N-OUT BURGERS

---

[*] Motion to Admit Pro Hac Vice to be filed simultaneously.

Complaint